GUSTAVUS ABBOTT, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Obtaining goods by false pretences — evidence admissible on a trial therefor — Jurisdiction of United States Courts, over offenses created by United States Statutes — how far exclusive.*

Upon the trial of the plaintiff in error, upon an indictment for obtaining goods by false pretences, on or about September 1st, sworn schedules filed by the plaintiff in proceedings in bankruptcy commenced in the November following, were admitted in evidence on behalf of the people to show his financial condition at the time of obtaining the goods. *Held,* that this was proper.

Subdivision 9 of section 5132 of the Bankrupt Act provides, that whoever "within three months before the commencement of proceedings in bankruptcy, under the false color and pretense of carrying on business and dealing in the ordinary course of trade, obtains on credit, from any person, any goods or chattels, with intent to defraud," shall be punishable by imprisonment.

*Held,* that conceding that the United States courts have exclusive jurisdiction over offenses created by United States statutes, the passage of this section did not deprive the courts of this State of their jurisdiction over the general offense of obtaining goods by false pretenses.

Writ of Error to the Court of General Sessions of New York, to review the conviction and sentence of the plaintiff in error of the crime of obtaining goods by false pretences. Proceedings in bankruptcy were commenced against him within three months from the time of making the alleged false pretences. His counsel claimed that his offense was therefore within the ninth subdivision of section 5132 of the United States Revised Statutes, providing, that whoever "within three months before the commencement of proceedings in bankruptcy, under the false color and pretence of carrying on business and dealing in the ordinary course of trade, obtains on credit, "from any person, any goods or chattels, with intent to defraud, * * * shall be punishable by imprisonment, with or without hard labor, for not more than three years," and that, being a violation of an offense created by an United States statute, the courts of the United States alone had jurisdiction over it.

*William F. Kintzing* and *Sidney H. Stuart*, for the plaintiff in error.

*Benjamin K. Phelps*, for the defendant in error.

POTTER, J. :

This is a writ of error to reverse a conviction of the plaintiff in error of the crime of obtaining goods by false pretences. The trial and conviction were had in the court of General Sessions in July, 1878, and plaintiff was sentenced to imprisonment in the State prison for three years. The false pretences alleged in the indictment are that the plaintiff in error stated, on or about the first of September, 1875, to Frederick D. Blake, on the occasion of buying some goods of Blake; that he had begun business with $30,000 capital, and that capital had not been impaired; and that he did not at that time owe more than thirty to thirty-five thousand dollars. It cannot need the citation of authority to show that such representations were material, and of a character and tendency to induce a credit upon the purchase of goods.

The evidence given upon the trial was amply sufficient to warrant the jury in finding that the representations were believed, and principally if not wholly relied upon by Blake, who upon such belief sold and delivered the goods, and that the representations were false to the knowledge of plaintiff in error, and that he made them with an intent to and did obtain the goods by means of them, "and with the intent to cheat and defraud Blake. The sworn schedules of plaintiff filed in proceedings in bankruptcy, commenced in November following this purchase in September, were introduced in evidence to show the condition of his capital, his assets and debts and liabilities on the first or second of September, the date of making the pretences and obtaining the goods. These schedules were objected to, but no authority is cited or sufficient reason given against the introduction of this evidence, and I can conceive of none." They are the sworn declarations made and signed by the plaintiff in the course of judicial proceedings, the object of which was to ascertain each particular claim or liability, its date, amount and consideration, as well as to ascertain each particular asset, its nature and value. Moreover, the plaintiff was introduced as a witness in his own behalf, with the oppor-

tunity of correcting and explaining the statements in the schedules. It would seem that declarations made under such circumstances must be unexceptional evidence against the declarant. From those schedules it would appear that his liabilities were, on the first of September, when the pretences were made ,some $96,000, and which had been increased to December first, or when the schedules were made up, to $150,000, and the assets amounted to about $30,000.

A somewhat novel demonstration or proceeding took place in the course of the trial. At the close of the evidence upon the plea of not guilty, the plaintiff in error offered a special plea to the jurisdiction of the court, upon the ground that the United States had exclusive jurisdiction over the offence. It is doubtful whether that plea is in the case, so as to be considered. The court was, however, requested to charge upon that subject. I do not think even if the general principle is as claimed by the counsel for the plaintiff in error, viz. : That where the United States declares a certain act criminal, its jurisdiction over that crime is exclusive, that this case is at all subject to that rule. The United States only declares a false pretence "of carrying on business and dealing in the ordinary course of trade" is a criminal offence. That was not the false pretence set forth in the indictment in this case. The State statute is general, while the United States statute relates to but a single and specific false pretence. It is not necessary to discuss what would be the effect, if the sole pretence, charged in an indictment under the State law, was the precise pretence specified in the United States statute. I do not think the principle decided in *People* v. *Miller* (2 Parker's Criminal R., 197, and cited by the plaintiff in error) at all applicable to this case. The nature of the charge in this case is entirely unlike that in the case referred to. Upon the whole, I think the plaintiff in error was justly convicted, and no errors committed upon the trial.

The conviction should be affirmed.

Ingalls, P. J., concurred.

Present — Ingalls, P. J., and Potter, J.

Conviction affirmed.